UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALBERTO VASQUEZ (1),<br><br>　　　　　　　　　　Defendant. | Case No.: 09-cr-378-WQH-1<br><br>**ORDER** |

HAYES, Judge,

　　Defendant Alberto Vasquez, proceeding pro se, filed a letter stating that, in the eight years since he has been released from custody in this case, he has "worked hard to rebuild my life, stay on the right path, and become a positive and productive member of my community." (ECF No. 59 at 1.) Defendant states that his felony record from this case prevents him from qualifying for a contractor's license, and he moves the Court "to have my record reconsidered for expungement, sealing, or any form of relief available through the Court's discretion." *Id*.

　　"Although 'expungement' may mean different things in different states, in general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (citation omitted). There are "two sources of authority by which courts may expunge records of criminal conviction: statutes

and our inherent authority." *Id*. "By statute, Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases," but Defendant has not contended that any of these expungement statutes apply here. *Cf. id*. at 792–93 (listing examples). "[F]ederal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases," but a "district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id*. at 793. "[D]istrict courts do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations,' because 'the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states.'" *Id*. (quoting *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000)). Here, Defendant does not contend that his arrest or conviction was unlawful or that expungement would correct a clerical error. Despite Defendant's commendable efforts at rehabilitation, based upon the current record, the Court finds that it does not have the power to expunge or seal Defendant's conviction in this case.

IT IS HEREBY ORDERED that Defendant's request for expungement or sealing of his conviction is denied. (ECF No. 59.)

Dated: October 17, 2025

Hon. William Q. Hayes
United States District Court